UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                    Case No. 8:15-CR-157-T-27MAP

DAVID W. GRIFFIN
_____/

## ORDER

**BEFORE THE COURT** is Defendant's counseled Motion to Modify the Terms and Conditions of Supervised Release (Dkt. 90). A hearing on the motion was conducted on February 11, 2020. Defendant did not appear. Having heard from defense counsel and the United States, Defendant's motion is **DENIED**.

Defendant stands convicted of bankruptcy fraud and making a false material statement under oath during a Section 341 creditors hearing conducted by the bankruptcy trustee (Dkt. 65).[1] He was sentenced to concurrent 36 month terms in prison, followed by concurrent 36

---

[1] Defendant was indicted and charged with one count of mail fraud, nine counts of bankruptcy fraud, one count of aggravated identity theft, and two counts of making a false statement under oath. (cr Dkt. 1). Pursuant to a Plea Agreement, he pleaded guilty to bankruptcy fraud (Count V) and making a false statement under oath (Count XII). (cr Dkts. 37, 47, 51). He stipulated to the factual basis in the plea agreement:

> [Griffin] devised a foreclosure rescue scheme to defraud homeowners seeking assistance with their mortgage notes and foreclosure actions, the creditors holding those notes, the [Federal Housing Administration] who insures the mortgage notes, or Fannie Mae who guaranteed the mortgage notes, and to obtain money and property from the homeowners by means of materially false pretenses, representations, promises, and omissions.
> . . .
> The victim homeowners conveyed their properties to . . . entities controlled by [Griffin]. The homeowners paid rent to [him] and relied on [his] false promises to stop foreclosure, obtain the mortgage note and sell their houses back to them.

month terms of supervised release. As a special condition of supervised release, the court imposed an occupational restriction:

> As a further condition of supervision, I am restricting his employment activities. He is prohibited from engaging in any employment involving real-estate brokerage, real-estate sales, real-estate leasing, real estate rentals, individually or through any corporate entity. Any employment in which he engages, whether it be hourly or salaried or entrepreneurial, shall be approved by the United States Probation Office in advance. (Dkt. 65, p. 4).

Notwithstanding, Defendant seeks to be employed in the real estate field under the supervision of a licensed Florida attorney, conducting real property closings. Counsel explained that he intended to employ Defendant as a supervisor. Counsel acknowledged, however, that Defendant would be privy to personal identifying information of borrowers and would be handling closing documents in a fiduciary capacity.

The proposed employment is contrary to the intent of the occupational restriction. The court possesses the exclusive authority to impose occupational restrictions as a condition of supervised release. *United States v. Dempsey*, 180 F.3d 1325, 1326 (11th Cir. 1999). Considering the nature of the scheme to defraud he devised, he should not be employed in any capacity

---

> [He] prevented creditors from lawfully foreclosing on the homeowner victims' former properties, by filing or causing to be filed, fraudulent bankruptcies on behalf of the victims without their knowledge or consent. These bogus bankruptcy petitions invoked the automatic stay provision of federal bankruptcy[] law which brought an immediate halt to any foreclosure against the homeowners' property. . . .
>
> [Griffin] also made a false oath or account concerning a material matter to the Office of United States Trustee about [a] bankruptcy petition. . . . [He] testified under oath pursuant to a Rule 2004 Examination notice. On several occasions, [he] was asked about the bankruptcy filed on behalf of [one of his entities]. [He] denied knowing anything about this bankruptcy filing, when, in fact, [he] prepared the bankruptcy petition and had [one of his] employee[s] sign and file the petition.

(cr Dkt. 37 at 15-18).

involving real property matters or positions of trust. The restriction has a reasonably direct relationship with the conduct relevant to Defendant's offenses and is reasonably necessary to protect the public from the possibility that he will continue to engage in unlawful conduct similar to that of which he was convicted. *Id.* at 1326 (quoting U.S.S.G. § 5F1.5); *See United States v. Guanipa*, 322 F. App'x 831, 832 (11th Cir. 2009).

**DONE AND ORDERED** this 11th day of February, 2020.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record, U.S. Probation