UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                           Case No. 8:15-CR-157-T-27MAP

DAVID W. GRIFFIN
_____/

## ORDER

**BEFORE THE COURT**[1] is Defendant's *pro se*:

**"RE: CONDITIONAL ACCEPTANCE FOR VALUE (CAFV) - PRIVATE INDEPENDENT ADMINISTRATIVE PROCESS - ARTICLE 1 REDRESS OF GRIEVANCE UNDER THE NINETH [SIC] AMENDMENT RESERVATION FOR THE RESOLUTION AND EQUITABLE SETTLEMENT UNDER NECESSITY. IN THE NATURE OF REQUEST FOR PROOF OF CLAIM/DISCOVERY."** (Dkt. 98).

Defendant stands convicted of bankruptcy fraud and making a false material statement under oath during a Section 341 creditors hearing conducted by the bankruptcy trustee. (Dkt. 65). He was sentenced to 36 months in prison and is currently serving concurrent 36 month terms of supervised release. Construing the *pro se* document liberally, he seeks miscellaneous relief collateral to his criminal conviction. Specifically, he asserts the court lacked jurisdiction, his conviction is unconstitutional and unlawful, the court and prosecutor committed unspecified violations of the law, and his judgment and sentence are void. He contends that by failing to comply with his various demands, the presiding judge and prosecutor will have "stipulated to all the facts

---

[1] Contrary to Local Rule 3.01(f), the document was mailed directly to the undersigned. The Clerk has been directed to file it as a construed motion for miscellaneous relief.

as they operate in favor upon the undersigned" and will have agreed "that any remaining judgment/monetary penalty may be 'Accepted for Value' and Returned for Discharge by Bonds, International Bill of Exchange, promissory Note, or any other appropriate commercial Paper . . . and that [he is] due reparations and damages via Tort."

These assertions and demands are patently frivolous, without legal basis or consequence. The document has no force and effect and does not require a response from or compliance by the prosecutor assigned to this case.[1]

Accordingly, to the extent Defendant seeks affirmative relief, the construed motion is **DENIED**. And his demand for documents, discovery, or any other information is likewise **DENIED**. To the extent he raises a collateral challenge to his conviction or sentence, the construed motion constitutes a successive motion under 28 U.S.C. § 2255, over which this Court lacks jurisdiction absent authorization from the Eleventh Circuit. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

**DONE AND ORDERED** this 10th day of March, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Defendant, Counsel of Record, U.S. Probation

---

[1] This nonsensical document is typical of those presented by a loose-knit group of individuals subscribing to what is known as the "Sovereign Citizen Movement." These individuals believe that as "natural humans" (or sovereigns) they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (emphasis added). Their frivolous arguments and legal theories have been consistently rejected. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")).